UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAURA KING,

                    Plaintiff,

                    06-CV-0108-A

            V.                **DECISION and ORDER**

JO ANNE B. BARNHART,
Commissioner of Social Security,

                    Defendant.

---

## INTRODUCTION

Plaintiff Laura King ("King" or "Plaintiff"), brings this action pursuant to the Social Security Act Sections 216(I) and 223, seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her supplemental security income ("SSI") prior to February 15, 2003. Specifically, King alleges that the Administrative Law Judge's ("ALJ") decision that plaintiff was not disabled prior to February 15, 2004 was not supported by substantial evidence.

The Commissioner moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, on the grounds that the ALJ's decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion and cross moves for judgment on the pleadings. The Court finds that the decision of the Commissioner for the reasons set forth below, is supported by substantial evidence and therefore the Commissioner's motion for judgment on the pleadings is hereby granted.

**BACKGROUND**

On February 8, 1999, Plaintiff, at that time a 44 year-old home health aide, filed an application for Disability Insurance Benefits, claiming a disability since July 7, 1998, due to a disk herniation in the lumbar spine, arthritic pain in the neck, shoulders, knees and elbows, diverticulitis, gastroesophageal reflux disease, sinus problems causing headaches and hypertension (Tr. 18-19). Plaintiff's application was denied initially and upon reconsideration, plaintiff then requested a hearing (Tr. 48-51, 54-57).

Thereafter, a hearing was conducted on May 18, 2000, before ALJ Timothy M. McGuan, (Tr. 311-42). In a decision dated July 28, 2000, the ALJ determined that the plaintiff was not disabled (Tr. 30-44). The Appeals Council vacated the ALJ's decision, and remanded the case directing the ALJ to give additional consideration to treating source opinions, obtain additional information regarding plaintiff's musculoskeletal and gastrointestinal disorders, evaluate her maximum residual functional capacity and obtain vocational evidence if warranted by the record (Tr. 79-82). Plaintiff appeared and testified at a June 21, 2005 hearing before ALJ McGuan (Tr. 349-79). On August 23, 2005 the ALJ issued a partially-favorable decision finding plaintiff disabled and eligible for SSI benefits as of her 50th birthday on February 15, 2004 (Tr. 15-27). The ALJ found that plaintiff was not entitled Disability Insurance Benefits because

her insured status had expired before that time (Tr. 15-27). This became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review on November 17, 2005 (Tr. 9-11).  This action followed.

## DISCUSSION

### I.  JURISDICTION AND SCOPE OF REVIEW

Title 42, Section 405(g) of the United States Code grants jurisdiction to Federal District Courts to hear claims based on the denial of Social Security benefits. Mathews v. Eldridge, 424 U.S. 319, 320 (1976).  Additionally, the section directs that the District Court must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record. See Bubnis v. Apfel, 150 F.3d 117, 181 (2d Cir. 1998); see also Williams v. Comm'r of Soc. Sec., No. 06-2019-cv, 2007 U.S. App. LEXIS 9396, at *3 (2d Cir. Apr. 24, 2007).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence in the record as a whole, and whether the Commissioner's conclusions are based upon an erroneous legal standard. Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003); see also Wagner v. Secretary of Health & Human Serv., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and

that the Secretary's findings are conclusive if supported by the substantial evidence).

The Commissioner asserts that her decision is supported by substantial evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## II.  STANDARD FOR ENTITLEMENT TO SOCIAL SECURITY BENEFITS

Under the Social Security Act, a disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ..." 42 U.S.C. §§ 423(d)(1)(A) (concerning Old-Age, Survivors', and Disability Insurance ("OASDI")); 42 U.S.C. § 1382c(a)(3)(A) (2004) (concerning SSI payments). An individual will only be considered "under a disability" if her impairment is so severe that she is both unable to do her previous work *and* unable to engage in

any other kind of substantial gainful work that exists in the national economy.  §§ 423(d)(2)(A) and 1382c(a)(3)(B).

"Substantial gainful work" is defined as "work that exists in significant numbers either in the region where the individual lives or in several regions of the country." Id.  Work may be considered "substantial" even if it is done on a part-time basis, if less money is earned, or if work responsibilities are lessened from previous employment.  20 C.F.R. § 404.1572(a) (OASDI); 20 C.F.R. § 416.972(a) (SSI).  Work may be considered "gainful" if it is the kind of work usually done for pay or profit, whether or not a profit is realized.  §§ 404.1572(b) and 416.972(b).  Furthermore, "substantial gainful work" is considered available to an individual regardless of whether such work exists in his immediate area, whether a specific job vacancy exists for her, or whether she would be hired if she were to apply for work.  42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

When a claimant requests a Social Security disability hearing before an Administrative Law Judge, SSA regulations require the ALJ to perform a five-step sequential evaluation.  Pursuant to this analysis:

   (i)    if the claimant is performing substantial gainful work, she is not disabled;

   (ii)   if the claimant is not performing substantial gainful work, her impairment(s) must be "severe" before she can be found to be disabled;

   (iii)   if the claimant is not performing substantial gainful work and has a "severe" impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is presumed disabled without further inquiry

   (iv)   if the claimant's impairment (or impairments) does not prevent her from doing her past relevant work, she is not disabled;

   (v)   even if the claimant's impairment or impairments prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her residual functional capacity and vocational factors, she is not disabled.

20 C.F.R. §§ 404.1520(a)(4)(I)-(v) and 416.920(a)(4)(I)-(v). The ALJ in this case performed the required five-step evaluation and determined that: (1) the plaintiff had not engaged in substantial gainful employment since her alleged disability onset date of July 7, 1998 (2) the plaintiff's minimal osteoarthritis in both knees with a tear of the medial meniscus of the left knee and chondromalacia, early degenerative disc disease of the lumbar spine, and moderate mechanical impingement of the right shoulder with a partial thickness tear were considered "severe" under §§ 404.1520(c) and 416.920(c); (3) the plaintiff's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the plaintiff was not able to perform her past relevant work as a home health care aide and; (5) the plaintiff had the residual functional capacity to perform

a "significant range" of sedentary work until her 50th birthday (Tr. 19-26).

Based on the entire record, specifically the medical evidence, I find that the ALJ properly concluded that plaintiff was not disabled within the meaning of the Social Security Act from July 7, 1998 through February 14, 2004 and therefore not entitled to Disability Insurance Benefits.

**III. <u>The Commissioner's decision that plaintiff was not disabled prior to February 15, 2004 is supported by substantial evidence in the record.</u>**

    <u>A.</u>  <u>The ALJ properly found that plaintiff's gastrointestinal impairments were non severe.</u>

Plaintiff claims that the ALJ erroneously found that her diverticulitis and gastrointestinal reflux disease ("GERD") were not severe impairments at step two of his evaluation. However, "the mere diagnosis of an impairment listed in 20 C.F.R. Appendix 1, Subpart P, § 4.12 is not sufficient to sustain a finding of disability." <u>Young v. Sullivan</u>, 911 F.2d 180, 183 (9th Cir. Cal. 1990). Instead, a medically determinable impairment will be considered "severe" only if plaintiff can show that it significantly limits their physical or mental ability to do basic work activities. 20 CRF §§ 404.1523 and 416.923.

I find that there was substantial evidence in the record to support the ALJ's conclusion that plaintiff's gastrointestinal impairments were non severe, as they did not cause more than a minimal limitation on the claimant's ability to perform basic work related activity. The ALJ primarily relied upon diagnostic and

clinical evidence in the record, as well as the opinion of plaintiff's treating physician, Dr. Jain, in finding that her gastrointestinal impairments were non severe.

In a July 15, 1998 exam, Dr. Jain noted that a barium swallow showed GERD but no evidence of hiatal hernia (Tr. 218). He also noted that plaintiff's upper abdomen sonogram was unremarkable (Tr. 218). A double contrast upper G.I. series suggested duodenitis but there was no evidence of an ulcer (Tr. 217). Dr. Jain's following assessment on September 20, 1999, was unremarkable except for some epigastric tenderness (Tr. 220). Dr. Jain noted in his report that he had advised plaintiff to lose weight and avoid esophageal and gastric irritants to relieve her symptoms (Tr. 219). There is no evidence in the record showing that she followed these suggestions. On September 30, 1999, Dr. Jain found that plaintiff had a gastric polyp, but noted that it "does not explain patient's" "persistent upper GI symptoms" (Tr. 221).

In reaching his conclusion, the ALJ made note that plaintiff's gastrointestinal impairments had never required her to undergo surgery, be hospitalized, or seek emergency room treatment, (Tr. 21). In addition, the ALJ also noted that plaintiff had not seen a gastroenterologist since September of 1999 (Tr. 21).

After reviewing the record, I find that the ALJ's conclusion that plaintiff's gastrointestinal impairments were non severe was

correct. The ALJ's conclusion is amply supported by the medical evidence in the record.

     B. <u>The ALJ properly evaluated the medical opinions in the record.</u>

I find that the ALJ properly evaluated the medical evidence in the record in concluding that the plaintiff was not disabled prior to February 15, 2004. The ALJ afforded "greater weight" to the opinions of Drs. Leone and Ring and afforded "little weight" to the opinion of Dr. Mehta. (Tr. 22).

Although Dr. Mehta was one of plaintiff's treating physicians, the Social Security regulations require that a treating physician's opinion will be controlling only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). The ALJ properly concluded that Dr. Mehta's opinion should not be given controlling weight because it was inconsistent with the other substantial evidence in the record and not supported by clinical findings.

In an undated medical assessment, Dr. Mehta found plaintiff to be disabled, due to the "many ways" her L5-S1 disc herniation restricted her activities and reported that she could lift and carry only occasionally, stand and/or walk less than two hours and sit less than two hours without interruption (Tr. 224-226). In addition, Dr. Mehta concluded that plaintiff's disc herniation resulted in plaintiff being only "moderately" restricted in

reaching, handling, pushing and pulling (Tr. 225). However, it is important to note that a July 22, 1998 CT scan only "suggested" the presence of a herniation and no other clinical findings were provided by Dr. Mehta to support his assessment that plaintiff unequivocally had a herniated L5-S1 disc (Tr. 192).

In a conflicting May 24, 2000 evaluation, Dr. Mehta found the plaintiff to have a less restrictive residual functional capacity, reporting that she could lift and carry less than ten pounds, stand and/or walk less than two hours and sit less than six hours out of an eight hour day (Tr. 232). In addition, Dr. Mehta found that plaintiff was limited in her ability to push and pull with her lower extremities and reach due to her degenerative disc disease and L5-S1 disc herniating (Tr. 233-34). Again, no clinical findings were provided to support Dr. Mehta's assessment.

In subsequent assessments dated May 24, 2002, July 30, 2003, December 22, 2003, September 8, 2004, and June 1, 2005, Dr. Mehta continued to opine that plaintiff was disabled, finding that she could not sit, stand, or walk for more than two hours at a time or lift anything over ten pounds (Tr. 283, 285, 287, 289, 290). Dr. Mehta also found on June 1, 2005 that the plaintiff's impairments were the result of bilateral sciatica, a torn meniscus of the left knew joint and type II HCP (Tr. 290). Once again, there was no clinical findings provided to support this opinion.

The ALJ properly concluded that the plaintiff was not precluded from performing sedentary work prior to February 15,

2004. Dr. Leone reported that plaintiff could "stand and walk with little difficulty," that her strength, reflexes and sensation were all intact, and that she was able to walk on both her heels and toes (Tr. 215). In addition, Dr. Leone noted that plaintiff's straight leg raises and nerve root tension were negative, with "no neurologic deficits"(Tr. 215). In a follow up assessment, Dr. Leone concluded that plaintiff's MRI results "did not show any significant disc herniation," noting that "no significant abnormalities were seen" (Tr. 213). A subsequent MRI on March 23, 2004, also showed no evidence of herniation (Tr. 213). Furthermore, it is important to note that Dr. Leone stated in his assessment that he found it "disturbing" that plaintiff was applying for Social Security Benefits, and that he questioned her motivation since she was applying "...for permanent disability when she has not even tried to treat this problem" (Tr. 215). The ALJ properly gave "greater weight" to Dr. Leone's opinion as it is consistent with the diagnostic evidence of the record.

      Similarly, in a July 1999 assessment, Dr. Ring noted plaintiff's largely intact range of motion in plaintiff's neck and back, with no neurological deficits (Tr. 251). Dr. Ring noted that plaintiff's straight leg raising was to 20 degrees bilaterally, despite complaints of pain in her lower back and legs, and recommended she use anti-inflammatory medication (Tr. 251). The ALJ accorded "greater weight" to Dr. Ring's opinion because it was consistent with the diagnostic findings of the record.

After reviewing the record, I find that the ALJ's conclusion in determining the weight given to the combined opinions of Dr. Leone and Dr. Ring was correct.  The ALJ's conclusion for affording little weight to Dr. Mehta's opinion is amply supported by the medical evidence in the record.

## CONCLUSION

For the reasons set forth above, I conclude that the ALJ's decision was supported by substantial evidence in the record and, therefore, grant Commissioner's motion for judgment on the pleadings.  Plaintiff's motion for judgment on the pleadings is denied, and plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                                  s/Michael A. Telesca

                                    MICHAEL A. TELESCA
                            United States District Judge

Dated:    Rochester, New York
           July 2, 2008